TORRES, PLAINTIFF AND APPELLANT, v. PONS, DEFENDANT AND
APPELLEE.

APPEAL from the District Court of Ponce in an Action of
Ejectment and for Recovery of Profits.

No. 1423.—Decided July 27, 1916.

RECORD OF TITLE—MORTGAGE LAW.—When the defendant's title is not recorded
in the registry of property no question arises under the Mortgage Law.

EJECTMENT—SALE BY A PERSON NOT OWNER—PRIVATE DOCUMENT—PUBLIC IN-
STRUMENT.—When an action is brought in ejectment to recover a house in
the possession of the defendant and for an accounting of rents during such
possession, and the evidence shows that the person from whom the defendant
and his predecessors in interest took title, although by public instrument,
was not the owner of the property sold, said person could not transfer the
ownership; therefore the private document upon which the plaintiff bases
his title to the property takes effect from the date of its execution and
not from the time it was offered in evidence at the trial, section 1195 of
the Civil Code not being applicable to the case.

PUBLIC INSTRUMENT—PRIVATE DOCUMENT—PRESUMPTION—OWNERSHIP.—The only
advantage which a public instrument has over a private document is that
it is presumed to be authentic and that the contract set out therein was
executed on the date stated, but it does not vest the ownership in one who
does not acquire from the owner.

PRIVATE DOCUMENT—EVIDENCE—CONTRACT—THIRD PERSON.—Section 1195 of the
Civil Code must be strictly applied when a private document is the only
evidence of an act or contract, but it does not forbid that when such docu-
ment is supported by other elements of proof the act or contract referred to
shall not be deemed effective against third persons.

The facts are stated in the opinion.
*Mr. Eduardo Flores Colón* for the appellant.
The appellee did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

Eduviges Torres brought an action of revendication for
the recovery of a house in the possession of the defendant
and for an accounting of rents during the time of such pos-
session, and judgment having been rendered against her by
the District Court of Ponce on appeal, she took the present
appeal, in which the appellee has not appeared.

In support of her claim the plaintiff introduced docu-
mentary and oral evidence at the trial, the former consisting
of a private document showing that on March 31, 1910, Sil-

vestre Verges, as owner of the house in question under title by construction acquired in 1908, sold it to Carlos Espinet for value received. In the same document Carlos Espinet stated that on June 10, 1910, he sold the house to Eduviges Torres also for value received. The plaintiff also introduced another document in which América Capó acknowledged on November 18, 1911, that she had received from Eduviges Torres payment of the rent of the lot on Jobo Street, Ponce, on which her house is situated. Both documents were admitted in evidence for whatever value they might have.

As to the oral evidence, the plaintiff testified that in 1910 she purchased from Carlos Espinet the house, which was then situated on municipal property, and that later she removed it to Jobo Street in the ward of Nuevo París and made some additions thereto; that she lived in it until September, 1911, when she went to San Juan, leaving half of it, which was furnished, in the care of her son, Bartolo Torres, and the other half rented to Joaquín Girón; that when she returned from San Juan in 1914 on account of the illness and death of her said son, she found the defendant in possession of the house; that her son used to send her at San Juan four dollars monthly for the rent, and that she had not sold her house nor authorized her son to sell it.

Carlos Espinet testified that the private deed of sale introduced in evidence was genuine and that he sold the house to the plaintiff on the date stated therein, and also sold her paint and lumber for repairing the house.

Joaquín Girón rented half of the house from the plaintiff, the other half containing her furniture. He lived in it six months and paid the rent to Bartolo Torres as her agent, receiving from Torres receipts in the name of his mother. The house was old but had some new repairs.

Elías Rengel is a carpenter and testified that he moved the house from the land of the municipality to the Nuevo París ward, having entered into the contract with Bartolo Torres in the presence of his mother.

Salvador Más was hired by Eduviges Torres to do some carpentry work on a house belonging to her in Nuevo París and made some additions thereto. He lived in a house nearby and always regarded her as the owner of the property and as his neighbor.

The evidence of the defendant consisted of the notarial acts of the contracts of bargain and sale, all appearing in public instruments, whereby Bartolo Torres sold the said house in 1912, as constructed by him, to Ramón Flores, who sold it to José Alvarado, from whom Julio C. Conesa took title later and sold it to defendant Pons on August 8, 1914.

On the said evidence the lower court dismissed the complaint on the ground that the principal evidence of the title of the plaintiff consisted of a private document dated June 18, 1910, but which was presented for the first time on April 17, 1915, in the Municipal Court of Ponce when the case was first tried; that it was not acknowledged previously before any notary; that it had not been filed in any public office prior to that date, and that the defendant having presented as his title an instrument dated August 8, 1914, and the other deeds mentioned, pursuant to section 1195 of the Civil Code and the case of *Córdova* v. *Surís,* 19 P. R. R. 1117, the date of the private instrument could not be considered as to the defendant, who is regarded as a third person, except from the said date when the defendant already held title by a public instrument bearing an authentic date.

The title of the defendant is not recorded in the registry of property and therefore this case presents no question to which the Mortgage Law is applicable.

As the evidence shows that Bartolo Torres was not the owner of the house in controversy, it is evident that he did not convey the ownership thereof to the persons who took title from him, because no one can convey what he does not own; hence the private document of the plaintiff has effect from the date of its execution and not from the date when it was introduced in evidence at the trial, section 1195 of

the Civil Code, providing that the date of a private instrument shall be considered with regard to third persons only from the date on which it may have been filed or entered in a public registry, from the death of any of those who signed it, or from the date on which it may have been delivered to a public official by virtue of his office, not being applicable to this case. The fact that the defendant and his predecessors in interest purchased the property by a public instrument does not transfer the ownership to them if Bartolo Torres, from whom they took title, was not the owner, for the only advantage which a public instrument has over a private one is the presumption that it is authentic; that the contract therein was executed and on the date stated, but it does not pass the ownership to one who did not take title from the owner. Nor is the case of *Córdova* v. *Suris, supra,* applicable, because the parties who claimed the property in that case took title from the members of the conjugal partnership which owned the same; therefore their title emanated from the same source.

Again, according to the doctrine laid down in the case of *Longpré et al.* v. *Wolff et al.,* 23 P. R. R. 13, section 1195 is strictly applicable when the private document is the only proof of an act or contract; but this does not mean that when joined with other elements of proof, as in this case, the act or contract witnessed in the private document may not be considered proved as against a third person, which doctrine is strengthened further by the decisions cited by the Supreme Court of Spain in its judgment of July 9, 1904,

But even if section 1195 were deemed applicable and the date of the private document should be considered from the date when it was presented at the trial, it would still follow that the plaintiff proved that she was the owner of the house on the said date and that the defendant had no valid title thereto, for, as we have said, she proved that his title proceeds from one who was not the owner of the thing sold.

Consequently, the judgment appealed from should be re-

versed and another rendered adjudging that the plaintiff is the owner of the house sued for and that the defendant place the same at her free disposal and pay her the rent thereof at the rate of four dollars monthly from August 8, 1914, the date on which he entered into possession, without special imposition of costs.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.